**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT Of MARYLAND
Northern Division**

|  |  |
|---|---|
| **FERDINAND MARCUS MAYER,** | |
| **Plaintiff,** | |
| **v.** | **Case No.: 1:26-cv-00778-JMC** |
| **JOSEPH EDLOW,** | |
| **Defendant.** | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Ferdinand Marcus Mayer ("Plaintiff") filed the instant case on February 25, 2026, and an Amended Complaint on May 21, 2026, which alleges an unreasonable delay under the Administrative Procedure Act, 5 U.S.C. § 706(1) against Director of U.S. Citizenship and Immigration Services Joseph Edlow ("Defendant"). (ECF Nos. 1, 13). Presently pending before the Court is Defendant's Motion to Dismiss (ECF No. 15). The Motion is fully briefed (ECF Nos. 15, 17, 18), and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth immediately below, the Motion is GRANTED with leave to amend.

## I.    BACKGROUND

Plaintiff is a native and citizen of Germany who resides in Columbia, Maryland. (ECF No. 13 at 8).[1]  As part of the Immigration Act of 1990, Congress established the employment-based, fifth preference immigrant investor visa program within the Immigration and Nationality Act ("INA"). See Pub. L. No. 101-649, § 121(a) (Nov. 29, 1990) (codified at 8 U.S.C. § 1153(b)(5)). Plaintiff alleges making one such investment to a new commercial enterprise.  (ECF No. 13 at 8).

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

After making an $800,000.00 investment in BRC Legacy Partners, LP, Plaintiff applied for an EB-5 visa by way of a Form I-526E on February 5, 2024. *Id.* The application was later assigned receipt number IOE8415953383. *Id.*

Plaintiff alleges that since filing his application, that U.S. Citizenship and Immigration Services ("USCIS") has failed to act on his application. *Id.* As of the date of the Amended Complaint, filed on May 21, 2026, Plaintiff alleged that the USCIS's online case status system indicated that

> On February 5, 2024, we received your Form I-526E, Immigrant Petition by Regional Center Investor, Receipt Number IOE8415953383, and sent you a receipt notice or acceptance notice. The notice describes how we will process your case. Please follow the instructions in the notice. If you move, go to www.uscis.gov/addresschange to give us your new mailing address.

*Id.* As such, Plaintiff asserts that the petition has been pending for twenty-seven months, a delay Plaintiff alleges is unreasonable under the APA. *Id.* at 8-9. The Court observes that Plaintiff initially filed the Amended Complaint in response to a previous motion to dismiss, and many of the allegations amount to legal argument. The Court will consider the factual allegations as they are argued below.

## II.      STANDARD OF REVIEW

A.      12(b)(1)

"A federal court generally may not rule on the merits of a case without first determining that it has subject matter jurisdiction." *Scapes v. McKimm*, No. CIV WDQ-09-2231, 2009 WL 4726613, at *1 (D. Md. Dec. 1, 2009). "A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint." *Foster v. Howard Cmty. Coll.*, No. CIV.A. RDB-13-1395, 2014 WL 758027, at *1 (D. Md. Feb. 24, 2014). "This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient

2

to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). Defects in subject matter jurisdiction cannot be waived or consented to. *Roche v. Lincoln Prop. Co.*, 373 F.3d 610, 621 (4th Cir. 2004), *rev'd on other grounds*, 546 U.S. 81 (2005); *State v. Ivory*, 906 F.2d 999, 1001 n.2 (4th Cir. 1990).

    B.    <u>12(b)(6)</u>

The purpose of Federal Rule of Civil Procedure 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)) (internal quotations omitted). To survive a Rule 12(b)(6) motion to dismiss, "detailed factual allegations are not required, but a plaintiff must provide the grounds of his entitlement to relief," which requires "more than labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 561–62 (D. Md. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)) (internal quotations omitted). In considering a motion to dismiss, "the Court must accept the complaint's allegations as true, and must liberally construe the complaint as a whole." *Humphrey v. Nat'l Flood Ins. Program*, 885 F. Supp. 133, 136 (D. Md. 1995) (internal citations omitted). The Court must also construe the facts and reasonable inferences from the facts in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997); *see also Petry*, 597 F. Supp. 2d at 562 ("Once a claim has been stated adequately . . . it may be supported by showing any set of facts consistent with the allegations in the complaint.") (quoting *Twombly*, 550 U.S. at 546).

## III.    ANALYSIS

Defendant makes two arguments. First, Defendant argues the Court lacks subject matter

jurisdiction over Plaintiff's claim regarding the processing of his I-526E under 8 U.S.C. § 1252(a)(2)(B)(ii) because 8 U.S.C. § 1153(b)(5)(E)(ii)(II) provides discretion to the Secretary of Homeland Security. (ECF No. 15 at 7). Second, Defendant argues if there is jurisdiction, Plaintiff fails to state a plausible claim for unreasonable delay. For the reasons stated below, recent cases preclude Defendant's jurisdictional arguments but support Defendant's argument that Plaintiff has failed to state a claim.

**A.      There is No Applicable Jurisdictional Bar to Plaintiff's Claim for Unreasonable Delay**

The INA "authorizes the issuance of visas to different categories of immigrants, including, under the so-called 'EB-5' program, to immigrants who contribute to 'employment creation' by investing in new commercial enterprises that create full-time jobs for American workers." *Bromfman v. U.S. Citizenship and Immigr. Servs.*, Civil Action No. 21-cv-571 (BAH), 2021 WL 5014436, at *1 (D.D.C. Oct. 28, 2021). Congress established the INA, codified at 8 U.S.C. § 1153(b)(5). To qualify for a visa under the EB-5 program, an applicant must "create full-time employment for not fewer than 10 United States citizens or aliens lawfully admitted for permanent residency or other immigrants lawfully authorized to be employed in the United States (other than the immigrant and the immigrant's spouse, sons, or daughters)." 8 U.S.C. § 1153(b)(5)(A)(ii). To do so, the applicant must have made or otherwise be in the process of making an investment of at least $1,050,000 in a new commercial enterprise that will create at least ten full time jobs in the United States. §§ 1153(b)(5)(A), (C)(i). Alternatively, investments in a targeted employment area including certain rural and high unemployment areas can qualify with a minimum investment of $800,000. §§ 1153(b)(5)(C)(ii), (D). Plaintiff's investment was in a targeted employment area. (ECF No. 13).

Defendant makes two jurisdictional arguments. First, Defendant argues that this Court

lacks subject matter jurisdiction under § 1252(a)(2)(B)(ii).  Second, it argues that the APA withdraws judicial review under 5 U.S.C. § 701(a).  (ECF No. 15 at 25-26).  Although it does not appear that this Court has considered this question directly, other courts have.  In *Park v. Edlow, et al.*, the U.S. District Court for the District of Columbia considered both questions.  In a succinct and straightforward manner, the court concluded that neither 8 U.S.C. § 1252(a)(2)(B)(ii) nor 5 U.S.C. § 701(a) preclude judicial review.  *Park v. Edlow*, Civil Action No. 26-504 (BAH), 2026 WL 2065339, at *4 (D.D.C. Jul. 16, 2026).  First, the court recognized that "when considering questions of jurisdiction…such inquiries must be decided 'against the backdrop of a familiar principle of statutory construction: the presumption favoring judicial review of administrative action.'" *Id.* (quoting *Make the Rd. N.Y. v. Wolf*, 962 F.3d 612, 623 (D.C. Cir. 2020), *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 229 (2020)) (cleaned up).  Then, the court noted that § 1252(a)(2)(B)(ii) is limited to "decision[s] or action[s]," such that " Congress intended to preclude judicial review of those decisions 'specified under this subchapter to be in the discretion of the Attorney General or the Secretary,' whether or not those decisions grant or deny an immigrant relief from removal." *Id.* (quoting *iTech U.S., Inc. v. Renaud*, 5 F.4th 59, 66 (D.C. Cir. 2021)).  Therefore, the court reasoned, no jurisdictional bar applied "because defendants have neither rendered a decision nor taken any action." *Id.* "Where a visa 'application is still undergoing administrative processing, ... the decision is not final, so 'any [p]laintiff with an application in administrative processing has not yet received a final decision.'" *Id.* (quoting *Ghadami v. U.S. Dep't of Homeland Sec.*, No. 19-cv-397 (ABJ), 2020 WL 1308376, at *5 (D.D.C. Mar. 19, 2020); *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the U.S. v. Kerry*, 168 F. Supp. 3d 268, 287 (D.D.C. 2016)) (cleaned up).  Ultimately, "[w]ithout either an action or a decision, this statutory provision poses no bar to judicial review."  *Id.* As a result, the Court

concluded that the APA provision withdrawing jurisdiction where a statute precludes it did not apply, because § 1252(a)(2)(B)(ii) does not preclude judicial review. *See id.*; *see also Dinh v. Edlow*, Case No. 26-cv-02697-TSH, 2026 WL 2001155, at \*4 (N.D. Cal. Jul. 10, 2026) ("[S]everal courts in this [d]istrict have considered this question and held it does not bar review where the plaintiff seeks to compel adjudication of a pending application rather than review of a discretionary decision already made.").

This matter falls squarely within the *Park* purview rather than the cases Defendant argues support an interpretive finding that § 1252(a)(2)(B)(ii) and the APA preclude jurisdiction. The Court therefore follows the courts in D.C. and California that have considered this question and concluded that in actions such as Plaintiff's, which allege an unreasonable delay without a final decision or any agency action, there is no jurisdictional bar.

### B. A Twenty-Seven Month Delay is Insufficient to State a Claim for an Unreasonable Delay Under Relevant Precedent

Defendants alternatively argue that the case should be dismissed because Plaintiff has failed to state a claim for an unreasonable delay. (ECF No. 15 at 17). In evaluating claims for an unreasonable delay, courts consider the non-exhaustive factors set forth in *Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d 70, 79 (D.C.Cir.1984) (hereinafter, "TRAC"). They include,

> (1) [T]he time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.* at 80. In *Park* considered above, the D.C. court held that a twenty-nine month delay was not

6

unreasonable under *TRAC* and after recognizing that the court did have jurisdiction as an initial matter, the court nevertheless granted the defendant's motion to dismiss. *Park*, 2026 WL 2065339, at *6. As for factors 1 and 2, the court noted that the time of the delay somewhat weighed in favor of the plaintiff because she waited longer than 180 days in that case. *Id.* at *7. The Court observes that the *Park* court did not consider the argument Plaintiff here raised concerning the rule of reason. Here, Plaintiff states he "alleges that USCIS does not have a rule of reason for High Unemployment Area Forms I-526E ("HUA Petitions") filed before March 30, 2026." (ECF No. 17 at 16). If so, he alleges that "they are not applying it to him." *Id.* To that end, Plaintiff includes several statistics showing average processing times of 9.1 months. However, the Court again finds the *Park* reasoning persuasive in light of the same claim brought pursuant to the same statutes for an even longer delay. *Park*, 2026 WL 2065339, at *6. There, the court looked to a case Defendant cites here, *Da Costa v. v. Immigrant Investor Program Office,* 80 F.4th 330, 342 (D.C. Cir. 2023), which concluded a four-and-a-half-year delay was not unreasonable. Indeed, the D.C. Circuit affirmed the dismissal of the plaintiff's unreasonable delay claim because a four-and-a-half year delay was "not sufficient to show that USCIS does not follow a rule of reason in processing EB-5 applications." *Id.* The Court follows *Park* and *Da Costa* on this issue and finds that the delay here, which is just over two years is not sufficient to allege that USCIS does not follow a rule of reason, even at this early stage. That notwithstanding, the *Park* court found somewhat persuasive an argument that Plaintiff made here, that Congress's aspirational statement that applications should be processed within 180 days[2] tilts factors 1 and 2 in plaintiff's favor. *Park*, 2026 WL 2065339, at *6.

Turning to factors 3 and 5, the court recognized that conclusory assertions of "prolonged

---

[2] Because Plaintiff's investment is in a targeted employment area, the aspirational timeline is 120 days. (ECF No. 18 at 3).

uncertainty" and "financial and emotional hardship" are insufficient. *Id.* For example, the court noted that the plaintiff there was an adult who did not specify which family members are currently residing in the United States, whether they are in this country temporarily, or enough information about her familial separation to establish that Factors 3 and 5 should tilt in her favor. The Court reaches the same decision here. In the Amended Complaint, Plaintiff asserts in conclusory fashion that Plaintiff has been harmed because he cannot freely travel, he cannot petition for family members, and that he faces uncertainty. These allegations similarly lack the detail needed to tilt Factors 3 and 5 in Plaintiff's favor.

Turning to Factor 4, the *Park* court decision again resolves a contested issue in the briefing here. Although Plaintiff argues here that the USCIS can process his application without "skipping a beat or hurting a competing priority," Plaintiff relies on his unavailing argument that there is no "line" because the USCIS does not follow a rule of reason. The Court finds these allegations insufficient without more, as the statistics included in Plaintiff's complaint do not support a plausible inference that there is no "line" of petitions before Plaintiff's. Rather, the statistics show an average processing time at one point in time. "Granting expedited agency action is considered in appropriate when that relief 'would simply reorder a queue of applicants seeking adjudication' and when no concomitant net gain in such adjudications is achieved." *Id.* at *8 (quoting *Tate v. Pompeo*, 513 F. Supp. 3d 132, 150 (D.D.C. 2021)) (cleaned up). Of course, "[w]hile the effect of an individual case would be minimal, an accumulation of such individual cases being pushed by judicial fiat to the front of the line would erode the ability of agencies to determine their priorities." *Tate*, 513 F. Supp. 3d at 150. Here, contrary to Plaintiff's argument that there is no line jumping, the allegations do not support such an inference and can only be taken to require Plaintiff's application to be processed within thirty days, no matter how many petitions would continue to sit

unprocessed in front of his.  Further, Plaintiff advances no reason for why other applications should be delayed in favor of the expedition of his own.  In sum, this factor weighs for Defendant.

Finally, Factor 6 results in a neutral finding unless there is a showing of bad faith.  Plaintiff asserts a conclusory allegation that Defendant has acted in bad faith by defying the aspirational timeline imposed by Congress.  Although Plaintiff is correct that a defendant's mere disagreement with a Complaint is not enough to warrant dismissal; however, Plaintiff does not allege facts other than "upon information and belief" that the March 2026 assignment policy was published to provide USCIS a defense to litigation.  Without more, the Court does not find that the allegations are enough to entitle Plaintiff to an inference of bad faith.  At best, this factor is neutral.

In total, courts have repeatedly dismissed claims for an unreasonable delay under the APA for even longer durations than twenty-seven months.  *E.g.*, *Da Costa*, 80 F.4th at 342 (concluding a four-and-a-half year processing delay does not "itself establish[ ] that USCIS lacks a rule of reason"); *Akrayi v. U.S. Dep't of State*, No. 22-cv-1289 (CRC), 2023 WL 2424600, at *3 (D.D.C. Mar. 9, 2023) (finding the nearly three-year "delay in processing ... does not reach the length that courts have found unreasonable"); *Noumbissie v. Garland*, Civ. No. RDB-22-3357, 2023 WL 8600510, at *3 (D. Md. Nov. 1, 2023) (finding a delay over three years did not warrant judicial relief).  In the Court's view, the application of the six *TRAC* factors and the recent decision foreclosing a twenty-nine month delay of an EB-5 application at the motion to dismiss sage demonstrate that dismissal is proper.

Therefore, the Motion to Dismiss (ECF No. 15) is GRANTED.

## IV.   CONCLUSION

For the foregoing reasons, it is this 23rd day of July 2026 ORDERED that the Motion to Dismiss (ECF No. 15) is GRANTED.  Dismissal is granted with leave to amend.

Date: <u>July 23, 2026</u>                                              <u>               /s/               </u>
                                                                        J. Mark Coulson
                                                                        United States Magistrate Judge

10